No. 23-8054

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

Jake Stanley DeWilde

*Plaintiff - Appellant,*

v.

Attorney General of the United States; Director of the
Bureau of Alcohol, Tobacco, Firearms, and Explosives,

*Defendants - Appellees.*

---

On Appeal from the United States District Court for the District of Wyoming
The Honorable Chief Judge Scott W. Skavdahl
No. 1:23-cv-00003-SWS

---

**APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION
FOR EXTENSION OF TIME TO FILE DEFENDANT-APPELLEES' BRIEF**

---

Plaintiff-Appellant Jake Stanley DeWilde ("DeWilde") respectfully opposes the Motion for Extension of Time to File Defendant-Appellees' Brief, Doc. No. 010110919862 ("extension request"), submitted by Defendants-Appellees Attorney General of the United States and Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (collectively, "the government"). In opposition, Mr. DeWilde states the following:

1.     This is an exceedingly simple case. Of the two issues identified in Mr. DeWilde's opening brief, Doc. No. 010110913967, only the second issue was fully raised and argued by the government in the district court.[1]

2.     The sole statute at issue in this facial challenge, 18 U.S.C. § 922(o) ("the machinegun ban"), is not a new, modern, or revolutionary prohibition. The machinegun ban has been law for more than thirty-five years. The government has prosecuted numerous individuals under the challenged statute, and has defended its constitutionality on several occasions.[2]

---

[1] *See id*. at 1 (Issue II "Whether the District Court's Constitutional Analysis of 18 U.S.C. § 922(o) Comports with *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022)"); *See also* ROA, Vol. I, at 106 (the government arguing that "Section 922(o) Comports with the Second Amendment Under *Bruen*'s Standard").

[2] *See Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016); *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136 (3rd Cir. 2016); *United States v. Zaleski*, 489 F. App'x 474 (2nd Cir. 2012); *United States v. Marzzarella*, 614 F.3d 85 (3rd Cir. 2010).

3.     The only significantly new legal precedent differentiating the instant case from prior facial challenges to the machinegun ban is *New York State Rifle & Pistol Assn., Inc. v. Bruen,* 597 U.S. ___ (2022). But the government's burden clarified by *Bruen* cannot be considered uncharted territory for the government. *Bruen* was decided more than a year ago. Since then, the government has been a party to numerous Second Amendment challenges under *Bruen*'s clarified holdings,[3] which demonstrates that the government should now be well-versed in the simple "two-prong" approach explicitly outlined in *Bruen*.[4]

4.     Mr. DeWilde has presented no new legal arguments in this appeal than were brought and argued in or by the district court, where the government successfully defended the challenged statute without any deadline extensions.

5.     In addition to the simplicity of this case, the government's extension request does not comply with this Court's local rules. Section 3 of the government's extension request appears to attempt to satisfy 10th Cir. R. 27.6(E)(1), which

---

[3] *See Fraser v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 3:22-cv-410 (E.D. Va., May 10, 2023); *Range v. Attorney General*, No. 21-2835 (3rd Cir. Jun. 6, 2023); *United States v. Daniels*, No. 22-60596 (5th Cir. Aug. 9, 2023); *United States v. Harrison*, No. CR-22-00328-PRW (W.D. Okla. Feb. 3, 2023); *United States v. Price*, No. 2:22-cr-00097 (S.D. W. VA. Oct 12, 2022); *United States v. Quiroz*, No. PE:22-cr-00104-DC (W.D. Tex. Sep 19, 2022); *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023).

[4] "[1] When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. [2] The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, slip op. at 15.

identifies "other litigation present[ing] a scheduling conflict" as a reason "that *may* merit consideration"[5] of a grant of an extension of time. However, in identifying potentially conflicting litigation, the government's extension request failed to "describe the action taken in the other litigation on a request for continuance or deferment,"[6] and to "state reasons why the other litigation should receive priority over the case in which the motion is filed,"[7] both of which "*must*"[8] be shown for the proscribed reason in 10th Cir. R. 27.6(E)(1).

6.     The government's extension request does not "establish that it will not be possible to file the brief on time, even if the party exercises due diligence and gives priority to preparing the brief."[9] Rather, it includes "[g]eneralities—such as assertions… that counsel is too busy"[10] preparing for other cases and that counsel "has a number of other internal matters;"[11] such generalities "are not sufficient"[12] for a deadline extension. Furthermore, the majority of the other cases that counsel for the government is responsible for have deadlines *after* their deadline in the instant case, October 5, 2023, and the government has not asserted that no further deadline

---

[5] 10th Cir. R. 27.6(E) (emphasis added).
[6] 10th Cir. R. 27.6(E)(1)(b).
[7] 10th Cir. R. 27.6(E)(1)(c).
[8] 10th Cir. R. 27.6(E)(1) (emphasis added).
[9] 10th Cir. R. 27.6(D).
[10] 10th Cir. R. 27.6(D)(2).
[11] Doc. No. 010110919862 at 2.
[12] 10th Cir. R. 27.6(D).

extensions will be requested. The general assertion that counsel is responsible for other litigation does not identify a limit that would preclude future additional delays.

7.    "Extensions of time to file briefs are disfavored,"[13] and the government's extension request does not comply with the requirements of the local rules for an extension of time. If, however, the Court generously granted relief to the government, Mr. DeWilde requests that the extension be limited to a more reasonable 15 days beyond the existing response brief deadline for the government of October 5, 2023, to a new deadline of and including October 20, 2023.

## CONCLUSION

For the reasons stated above, the Court should deny Appellee's extension request, or in the alternative, limit the extension to 15 days.

DATED this 15th day of September, 2023.    Respectfully Submitted,

*/s/ Jake S. DeWilde*
Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
jake.dewilde@gmail.com
(307) 587-4524

---

[13] 10th Cir. R. 27.6(A).

## Certificate of Compliance with Type-Volume Limit
## Typeface Requirements and Type Style Requirements

1.     This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,196 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point typeface.

DATED this 15th day of September, 2023.     Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

jake.dewilde@gmail.com

(307) 587-4524

**Certificate of Service**

I, Jake DeWilde, hereby certify that I filed the foregoing document via the Court's electronic-filing system; all parties in this case have consented to electronic service; and the electronic filing of the foregoing document constitutes proof of service to all parties in this case.

DATED this 15th day of September, 2023.    Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

jake.dewilde@gmail.com

(307) 587-4524