Jake DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524

December 8, 2023

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, CO 80257

    Re: *DeWilde v. United States Attorney General*, No. 23-8054

Dear Mr. Wolpert:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant ("DeWilde") writes to inform the Court of an opinion in *Antonyuk v. Hochul*, No. 22-2908 (2d. Cir. Dec. 8, 2023). Of particular relevance:

1. *Antonyuk*, consolidating several cases and issues, includes constitutional challenges under the Second Amendment to multiple New York provisions regulating the carrying of arms in "sensitive places." Although *Antonyuk* is not an arms-ban case, it shares common arguments with the instant case in the context of the "longstanding prohibitions" identified in *District of Columbia v. Heller*, 554 U.S. 570, 626-627 (2008). *Antonyuk* considered *Heller*'s "sensitive places" dicta, *id*. at 626.

2. Defendants-Appellees ("the government") argue that *Heller*'s dicta can resolve the instant case. *See* Aple. Br. at 16 ("Th[is] Court… has upheld the federal ban on the

possession of firearms by felons… based on language in *Heller*." "The same approach is warranted with respect to the federal machinegun ban here.") (referring to the longstanding prohibitions identified in *Heller*, 554 U.S. at 626-627.)

3. DeWilde argues that *Heller* left the door open to future challenges to its dicta prohibitions, because the Court did "not provid[e] extensive historical justification for those [prohibitions]." Reply Br. at 9 (quoting *id*. at 635).

4. The Second Circuit acknowledged the same. "*Heller* did not offer much guidance to lower courts analyzing future Second Amendment Claims. There would come a day, the Court explained, for it to 'expound upon the historical justifications for the exceptions [it had] mentioned.'" *Antonyuk*, slip op. at 35 (quoting 554 U.S. at 635).

5. Indeed, *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022) clarified that, in a Second Amendment challenge, the government must demonstrate a historical tradition in order to *justify* a modern regulation. The Seventh Circuit did not "simply reference the applicable *Heller* dictum and move on." *United States v. McCane*, 573 F.3d 1037, 1050 (10th Cir. 2009) (Tymkovich, T., concurring). The Seventh Circuit employed *Bruen*'s required historical analysis, and the court's considered analysis *beyond Heller's dicta* is instructive as to how this Court should consider the same.

Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524

## Certificate of Service

I hereby certify that I filed the foregoing document via the Court's electronic-filing system; all parties in this case have consented to electronic service; and the electronic filing of the foregoing document constitutes proof of service to all parties in this case.

## Certificate of Compliance

I hereby certify that this letter complies with the word limitations of Fed. R. App. P. 28(j) because the body contains 346 words.

Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

(307) 587-4524