Jake DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524

January 14, 2024

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, CO 80257

Re: *DeWilde v. United States Attorney General*, No. 23-8054

Dear Mr. Wolpert:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant ("DeWilde") writes to inform the Court of Order, *United States v. Emmanuel Ayala*, No. 8:22-cr-00369-KKM-AAS, ECF No. 57 (M.D. Fla. Jan. 12, 2024). Of particular relevance:

1. In *Ayala*, the court dismissed a charge of "possessing a firearm in a [post office] in violation of 18 U.S.C. § 930(a)," finding the statute unconstitutional as applied to defendant. *Id*. at 1. The government argued in *Ayala*, like in the instant case, that the statute was constitutional based on dicta in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. Chicago*, 561 U.S. 742 (2010), and *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022). *See generally Ayala*, at 26-33.

2. The court exhaustively rejected the government's "scant analogical reasoning and its appeals to dicta," *id*. at 35, observing that the cited dicta was not "necessary to

the reasoning" of the Supreme Courts' holdings, *id*. at 27. The court rejected the government's approach as "render[ing] the analogical reasoning required by *Bruen* pointless." *Id*. at 33.

3. The court specifically contrasted dicta that is "'well thought out, thoroughly reasoned, and carefully articulated analysis by the Supreme Court'" with *Heller*'s "bare legislative statements." *Id*. at 32-33 (citations omitted) (quoting *Heller*, 554 U.S. at 635, where the Supreme Court acknowledged "that the opinion did not cite historical authority for its assurances and explain[ed] that 'there will be time enough to expound upon the historical justifications for the exceptions we have mentioned if and when those exceptions come before us'").

4. *Ayala* represents yet another post-*Bruen* Second Amendment challenge where the government "appeals to dicta," *id*. at 35, instead of faithfully applying "th[e] new Second Amendment [test]" clarified by *Bruen*. *United States v. McCane*, 573 F.3d 1037, 1050 (10th Cir. 2009) (Tymkovich, T., concurring). The analysis in *Ayala* is instructive as to how *Bruen*'s holdings predominate "bare legislative statements" made in *Heller*. *Ayala*, at 33.


Respectfully Submitted,

*/s/ Jake S. DeWilde*
Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524

## Certificate of Service

I hereby certify that I filed the foregoing document via the Court's electronic-filing system; all parties in this case have consented to electronic service; and the electronic filing of the foregoing document constitutes proof of service to all parties in this case.

## Certificate of Compliance

I hereby certify that this letter complies with the word limitations of Fed. R. App. P. 28(j) because the body contains 325 words.

Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524