Jake DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524

January 16, 2024

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, CO 80257

Re: *DeWilde v. United States Attorney General*, No. 23-8054

Dear Mr. Wolpert:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant ("DeWilde") writes to inform the Court of *Aposhian v. Wilkinson*, 989 F.3d 890 (10th Cir. 2021). Of particular relevance:

1. In *Aposhian*, Defendants-Appellees ("the government") prevailed in defending a reclassification of "bump-stocks" as machineguns. *See* Bump-Stock-Type Devices, 83 Fed. Reg. 66514 ("Final Rule"). The government determined that as many as 520,000 bump-stocks were "held by the public." *Id*. at 66547. The government did not argue in *Aposhian* that those bump-stocks were unlawfully acquired. Contrarily, the government explained they were lawfully procured under prior classifications. Thus, when the Final Rule was promulgated, the government estimated 520,000 bump-stock machineguns were lawfully possessed by citizens.

2. The government argues that a weapon is only protected if it is in common use "among civilians," Aple. Br. at 15, and that Justice Alito's 200,000 "common-use-measure" somehow was qualified by the weapon *also* being "lawful to possess in 45 states." *Id*. at 34 (citing *Caetano v. Massachusetts*, 577 U.S. 411, 420 (2016) (per curiam) (Alito, J., concurring in the judgment). But in the government's response to comments in opposition of the Final Rule identifying *Caetano*, the government did not include the "45 states" qualifier, nor even argue that machineguns were not in common use; it simply averred that machineguns were not protected under *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See* 83 Fed. Reg. 66522-66523. Indeed, when the Final Rule was promulgated, possession of bump-stocks was lawful in at least 45 states. Thus, despite the misplaced argument that Justice Alito qualified his 200,000 "common-use-measure" with weapons being lawful to possess in 45 states, machineguns were in common use, even under the government's interpretation.

3. In *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022), the Supreme Court determined that a weapons commonality protects it, regardless of whether or not it is prohibited. *See Bruen*, slip op. at 39 ("[H]andguns" are "in 'common use'… today." "Thus, *even if*" historical laws "prohibited" their possession, "they provide no justification for laws [prohibiting]" weapons that "are unquestionably in common use today.") (emphasis added).

Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

(307) 587-4524

**Certificate of Service**

I hereby certify that I filed the foregoing document via the Court's electronic-filing system; all parties in this case have consented to electronic service; and the electronic filing of the foregoing document constitutes proof of service to all parties in this case.

**Certificate of Compliance**

I hereby certify that this letter complies with the word limitations of Fed. R. App. P. 28(j) because the body contains 350 words.

Respectfully Submitted,

*/s/ Jake S. DeWilde*

Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524