FILED
United States Court of Appeals
Tenth Circuit

April 10, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

─────────────────────────────

| | |
|---|---|
| JAKE STANLEY DEWILDE,<br><br>　Plaintiff - Appellant,<br><br>v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES; DIRECTOR OF BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　Defendants - Appellees. | No. 23-8054<br>(D.C. No. 1:23-CV-00003-SWS)<br>(D. Wyo.) |

─────────────────────────────

### ORDER AND JUDGMENT[*]

─────────────────────────────

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.

─────────────────────────────

Jake Stanley DeWilde appeals the district court's dismissal of his pro se Second Amendment challenge to 18 U.S.C. § 922(o), which prohibits the transfer or possession of machineguns. The district court dismissed the action for lack of jurisdiction, concluding that DeWilde lacked standing. Alternatively, the district court concluded that even if DeWilde had standing, the action should be dismissed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for failure to state a claim because machineguns are not protected by the Second Amendment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal for lack of standing. We express no opinion on the merits of the Second Amendment claim.

I

This suit began when DeWilde attempted to represent a trust as a pro se non-attorney. He filed an initial complaint "Individually and as Trustee of the DeWilde Arms Trust." R. at 5; *see id.* at 6, para. 3. In that capacity, he alleged that he applied to the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) to make an M16 machinegun, but the ATF denied the trust's application, citing § 922(o). *See id.* at 11, para. 19. Attached to the complaint is the application form submitted by DeWilde on behalf of the trust and denied by the ATF. It states that the application is filed on behalf of a "Trust or Legal Entity." *Id.* at 15. The applicant on the form is identified as "DeWilde Arms Trust," *id.*, and DeWilde signed the application as "Jake DeWilde, Trustee," *id.* at 16. According to DeWilde, § 922(o) violates his Second Amendment rights because he "desires to own an M16 machinegun for all lawful purposes, including defense of hearth and home and militia functions." R. at 11, para. 23. He requested a declaratory judgment that § 922(o) is unconstitutional and a mandatory injunction requiring the ATF to approve the trust's application to manufacture a machinegun. *See id.*, para. 25.

The government moved to dismiss the complaint, arguing, among other things, that DeWilde lacked authority to represent the trust as a pro se non-attorney, even

though he alleged he is the trustee. *See id.* at 54-55 (citing *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (holding that trusts are artificial legal entities existing independently of their trustees and may appear in court only through licensed counsel, "[s]o if the trustee is not a licensed attorney, he or she cannot represent the trust")).

To remedy the pleading defect, DeWilde amended the complaint. He dropped the trust as a party-plaintiff and instituted the action solely in his individual capacity—not as a trustee. *See id.* at 73. The rest of his allegations and demands for relief were substantively identical to those in the original complaint. The government then moved to dismiss the amended complaint.

The district court raised standing sua sponte and concluded DeWilde failed to allege an injury in fact. The district court observed that he relied on two factual allegations to establish his standing: 1) he submitted the ATF application to make an M16 machinegun and 2) he desired to own an M16 machinegun. The court rejected his reliance on the first allegation, reasoning that the trust—not DeWilde—applied to the ATF to manufacture a machinegun, and DeWilde signed the application as a trustee—not in his individual capacity—yet the trust and the trustee were no longer parties to the amended complaint. The court pointed out that DeWilde filed the amended complaint solely in his individual capacity, he never applied to the ATF to make a machinegun in his individual capacity, nor did the ATF deny him an application. As for DeWilde's second factual allegation—his desire to own a machinegun—the court ruled that the allegation was "too indefinite to establish a

3

particularized injury and insufficient to constitute an injury-in-fact." *Id.* at 286-87. The court explained that DeWilde sought to invalidate a criminal statute prohibiting the possession and transfer of machineguns, but he did not allege that he owns, possesses, or transfers machineguns such that he faced a credible threat of prosecution. Instead, he merely alleged a general grievance that was insufficient to confer standing.

II

We review questions of standing de novo. *Wyoming ex rel. Crank v. United States*, 539 F.3d 1236, 1241 (10th Cir. 2008). It is the plaintiff's burden to establish standing, and a plaintiff must support each element of standing "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (internal quotation marks omitted). Because the district court resolved the standing issue at the pleading stage, we, like the district court, "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that the general allegations embrace those specific facts that are necessary to support the claim." (brackets and internal quotation marks omitted)). Although we afford pro se pleadings a liberal

construction, we will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

"[S]tanding generally has three requirements: (1) an injury in fact; (2) causation; and (3) redressability." *Colo. Outfitters*, 823 F.3d at 544. The injury-in-fact element requires that a plaintiff "offer something more than the hypothetical possibility of injury. The alleged injury must be concrete, particularized, and actual or imminent." *Id.* "[I]mminence is . . . a somewhat elastic concept, [but] it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id.* at 544-45 (internal quotation marks omitted). In this context—a pre-enforcement challenge to a criminal statute—"a plaintiff must typically demonstrate (1) an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by the challenged statute," and (2) that there exists a credible threat of prosecution thereunder." *Id.* at 545 (brackets and internal quotation marks omitted). "[I]t is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights." *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (brackets and internal quotation marks omitted). But "[w]hen plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not

5

allege a dispute susceptible to resolution by a federal court." *Id.* at 298-99 (internal quotation marks omitted).

DeWilde relies on two factual allegations to establish his standing. First, he alleged that he submitted the application to the ATF to make a machinegun. This allegation fails to establish his standing because he did not submit the application on his own behalf. Rather, the application confirms that he applied to the ATF in his capacity as a trustee on behalf of the trust to enable *the trust* to manufacture a machinegun. As the district court pointed out, DeWilde himself has not, in his individual capacity, applied for or been denied an application to make a machinegun.

DeWilde contends the district court misunderstood "the fundamental relationship between [him] and his trust, as well as the absolute powers he possesses in the administration of his trust." Aplt. Opening Br. at 5. In essence, he asserts the district court mistakenly treated the trust as a distinct legal entity, thereby denying him the right to plead and conduct his case. But this argument fails to distinguish between DeWilde's legal status as an individual, and the trust's separate and distinct legal status as an artificial legal entity. Trusts are artificial legal entities that exist independently of their trustees. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015). If a trustee is not a licensed attorney, the trustee cannot represent the trust. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se,' has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also In re Wilson*, 860 F. App'x 147, 149-50 (10th Cir. 2021) (unpublished)

(applying the same analysis); *Lain*, 773 F. App'x at 477 (same).[1] DeWilde disputes this rule, arguing it denies him the right "to plead and conduct his case personally." Aplt. Opening Br. at 9 (citing 28 U.S.C. § 1654). But again, he is not the trust, and as a non-licensed pro se party, he cannot prosecute his case on behalf of the trust, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (recognizing § 1654 does not allow "artificial entities" to appear in federal court without licensed counsel); *see also Wilson*, 860 F. App'x at 150 (rejecting the same argument).

DeWilde's second allegation also fails to establish his standing. He alleged he "desires to own an M16 machinegun for all lawful purposes, including defense of hearth and home and militia functions." R. at 79, para. 23. In evaluating this allegation, our decision in *Colorado Outfitters*, 832 F.3d 537, is instructive. That case involved a Second Amendment pre-enforcement challenge to a statute that outlawed the possession, sale, and transfer of large-capacity magazines (LCMs). *See id.* at 542. The statute contained an exception that permitted grandfathered LCMs (those owned prior to the statute's effective date) so long as the owner maintained continuous possession of the LCMs. *See id.* Standing was predicated in part on the testimony of a plaintiff who owned grandfathered LCMs and claimed the statute impacted her "because *eventually*, her LCMs will wear out and because it would be *possible* to lose her LCMs (or lose continuous possession of them) in the meantime."

---

[1] We may cite unpublished decisions for their persuasive value. *See* 10th Cir. R. 32.1(A).

*Id.* at 551 (brackets and internal quotation marks omitted).  We concluded this testimony "failed to demonstrate an imminent injury for purposes of mounting a pre-enforcement challenge to [the] statute" because it "expressed no concrete plans to engage in conduct that had any potential to violate [the statute]."  *Id.*

DeWilde's allegations are similarly vague.  He alleged that he "desires to own an M16 machinegun for all lawful purposes," R. at 79, para. 23, but he alleges no concrete plan to possess or transfer a machinegun in violation of § 922(o).  He also gives no indication that he has ever possessed a firearm, nor does he say when or if he plans to acquire or manufacture a machinegun or transfer one.  *See Lujan*, 504 U.S. at 564 (explaining that intentions to engage in conduct "without any description of concrete plans, or indeed even any specification of *when*" the conduct will occur is insufficient).  He simply "desires" to own a machinegun.  But a "vague desire" to engage in some conduct is not enough to establish standing; "a plaintiff must describe concrete plans."  *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 875 (10th Cir. 2020) (internal quotation marks omitted).  "The Supreme Court has instructed that 'some day' intentions do not support a finding of the 'actual or imminent' injury that our cases require."  *Id.* at 874-75 (ellipsis omitted) (quoting *Lujan*, 504 U.S. at 564).  DeWilde's alleged "desire" to own a machinegun is too abstract to constitute a concrete, imminent injury.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) ("A concrete injury must be *de facto*; that is, it must actually exist. . . . "[It must be] real, and not abstract." (internal quotation marks omitted)).  And without alleging when or even if he might possess or transfer a

8

machinegun, there is no suggestion he faces a credible threat of prosecution or investigation.

Still, DeWilde asserts his allegations are virtually identical to those other courts have found sufficient to satisfy the injury-in-fact requirement. He adds that, not only did he allege that he desires to own a machinegun, but he also submitted the ATF application, provided his fingerprints and photograph, and paid the required tax stamp on the application. These latter efforts were taken on behalf of the trust, however, so they do not bolster his standing argument.

To the extent DeWilde cites decisions from other courts, his cases do not help him. The non-binding decisions he cites from other circuits have been vacated or abrogated. *See Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023), *vacated for reh'g en banc*, 2024 WL 719051 (Feb. 22, 2024); *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014), *abrogated on other grounds by N.Y. State Rifle & Pistol Ass'n v. Bruen*, __ U.S. __, 142 S. Ct. 2111 (2022); *Nat'l Rifle Ass'n of Am. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 194-95 (5th Cir. 2012), *abrogated by Bruen*, __ U.S. __, 142 S. Ct. 2111.[2] Moreover, these extra-circuit cases are distinguishable because standing was predicated on more concrete injuries. *See Teter*, 76 F.4th at 944 (plaintiffs were "forced to dispose of their butterfly knives" and "would purchase replacements" if the law were

---

[2] For the first time in his reply brief, DeWilde cites two passing statements in *Bruen*, where the Court noted the petitioners "wanted" handguns. 142 S. Ct. at 2125. But these descriptors are meaningless because the Court did not engage in any standing analysis.

invalidated (internal quotation marks omitted)); *Jackson*, 746 F.3d at 967 (plaintiff would purchase ammunition if the legal prohibition were invalidated); *Nat'l Rifle Ass'n*, 700 F.3d at 190-91 (plaintiff prevented from purchasing handguns due to age restriction). And DeWilde's remaining cases are all non-binding district court decisions cited for the proposition that an impairment on his "desire to make and own" a machinegun is enough to establish an injury in fact. Aplt. Opening Br. at 9. But as we have explained, binding precedent from this court and the Supreme Court requires more than "'some day' intentions." *Baker*, 979 F.3d at 874 (quoting *Lujan*, 504 U.S. at 564). A mere desire to possess a machinegun, untethered from any allegation that he faces a credible threat of prosecution, is insufficient to establish an injury in fact. Thus, the district court properly dismissed the action for lack of standing.

### III

The district court's judgment is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge